IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

PRINCIPAL LIFE INSURANCE, CO., )
                                                  )
            Plaintiff,                 )
                                                  )
v.                                         )      Case No. CIV-16-474-D
                                                  )
GRADY B. BENSON, in his individual )
capacity, CHILD A, a minor, CHILD B, )
a minor, and THE ESTATE OF         )
SUMMER BENSON,                   )
                                                  )
           Defendants.               )

# **O R D E R**

Before the Court is Interpleader Defendant Grady B. Benson's Motion for Summary Judgment [Doc. No. 28], wherein Mr. Benson requests the Court to rule as a matter of law that he is entitled to life insurance proceeds currently deposited with the Court, and accordingly, to order such proceeds distributed to him. Interpleader Defendants Child A, Child B, and the Estate of Summer Benson,[1] through counsel, have responded in agreement. [Doc. No. 29]. The Motion is ripe for consideration.

This interpleader action was brought by Principal Life Insurance Company ("Principal Life") pursuant to 28 U.S.C. §§ 2201-02 and Fed. R. Civ. P. 22. *See* Compl. [Doc. No. 1] at 2. By a September 29, 2016 Order [Doc. No. 20], the Court found

---

[1] Although named as a defendant, the Estate of Summer Benson is not before the Court, and currently lacks capacity to sue or be sued. *See* Compl. [Doc. No. 1] at 2; Answer [Doc. No. 12] at 2.

Principal Life to be "a mere stakeholder" of the proceeds at issue.[2] *Id.* at 3. Accordingly, the Court ordered Principal Life to deposit the proceeds into the Court's registry, and dismissed Principal Life from the suit. *Id.* at 4. After the proceeds were received, the Court granted two separate motions to withdraw as attorney for Defendants [Doc. Nos. 24 and 25], dividing counsel between Mr. Benson, on one side, and Child A, Child B, and the Estate of Summer Benson, on the other. Three days later, Mr. Benson filed this Motion for Summary Judgment. On February 6, 2017, the Court held a hearing on Mr. Benson's Motion. *See* Minute Entry [Doc. No. 32].[3]

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id.* at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id.* The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require

---

[2] The typical interpleader action proceeds in two distinct stages. *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009) (citing *NY Life Distribs., Inc. v. The Adherence Grp., Inc.*, 72 F.3d 371, 375 (3d Cir.1995)). During the first stage, the court determines whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants. *Id.*; *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641-42 (6th Cir. 2007); 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1714 (3d ed. 2001), at 624-28. During the second stage, the court determines the respective rights of the claimants to the funds. *Id.*

[3] Following the February 6, 2017 hearing, the Court appointed Mr. Paul Middleton as guardian *ad litem* for Child A and Child B (*see* Order [Doc. No. 33], Feb. 21, 2017), and directed the Oklahoma State Bureau of Investigation ("OSBI") to produce the investigative records concerning the death of Summer Benson (*see* Order [Doc. No. 34], Feb. 21, 2017).

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

After reviewing Mr. Benson's Motion, the Response, all investigative records provided by OSBI, and the Report of Guardian *ad litem* [Doc. No. 37], and considering matters presented at the February 6, 2017 hearing, the Court finds no dispute exists as to the respective rights of the interpleader defendants, and Defendant Grady B. Benson is entitled to judgment as a matter of law. Mr. Benson is the named beneficiary of the underlying life insurance policy, and the Court is aware of no information that would bar him from taking the insurance proceeds under any potentially applicable statutory restriction or common law doctrine.

IT IS THEREFORE ORDERED that Mr. Benson's Motion for Summary Judgment [Doc. No. 28] is GRANTED. The Clerk of Court is hereby directed to distribute to Mr. Grady B. Benson, in accordance with LCvR 67.2, the proceeds previously deposited into the Court registry by Plaintiff Principal Life. *See* Receipts for Money Received [Doc. Nos. 22 and 23].

IT IS FURTHER ORDERED that Mr. Paul Middleton, guardian *ad litem* for Child A and Child B, is hereby discharged from any further duties in this case.[4] A separate judgment will follow.

---

[4] The Court appreciates Mr. Middleton's service herein, and the assistance of Oklahoma Lawyers for Children in this matter.

IT IS SO ORDERED this 11th day of April, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE